IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARRETT HOLEVE,

      Plaintiff,

v.                                          CASE NO. 4:14cv293-RH/CAS

STATE OF FLORIDA, DEPARTMENT
OF BUSINESS AND PROFESSIONAL
REGULATION et al.,

      Defendants.

_____/

## ORDER GRANTING SUMMARY JUDGMENT FOR THE STATE DEFENDANTS AND DENYING SUMMARY JUDGMENT FOR ISKA

      This Americans with Disabilities Act case presents the question whether an individual with Down syndrome may be barred from participating in mixed-martial-arts matches.

      The plaintiff Garrett Holeve alleges that the defendants have blocked him from participating in such matches. The defendants are the heads of the Florida Department of Business and Professional Regulation and the Florida State Boxing Commission, in their official capacities ("the State Defendants"), and two private organizations to which the State has delegated licensing authority—the World

Fighting Organization ("WFO") and the International Sport Karate Association, Inc. ("ISKA").

Mr. Holeve, the State Defendants, and ISKA have filed separate summary-judgment motions. On such a motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. This order grants summary judgment for the State Defendants because no admissible evidence would support a finding that they had any role in blocking Mr. Holeve from participating in any match. This order denies summary judgment on the claims against ISKA because there are genuine factual disputes about whether ISKA did or did not block Mr. Holeve from participating in a match and whether doing so did or did not violate the ADA.

Trial is imminent. No purpose would be served by setting out in this order a complete recitation the facts as construed for summary-judgment purposes. The actual facts will be determined at trial. This order briefly addresses only the points most critical to the result.

The State of Florida, through the Florida State Boxing Commission, approves Amateur Sanctioning Organizations such as WFO and ISKA, but the State does not directly approve amateur fighting events. A sanctioned fight may go forward only if approved by an Amateur Sanctioning Organization. An *exhibition* may go forward without such approval.

A fighter ordinarily goes through a promoter to arrange and obtain approval for a fight.  A promoter in turn seeks approval from an Amateur Sanctioning Organization.  Mr. Holeve, through his promoter John Bottone, sought ISKA's approval for two events, one in February 2013 and one in June 2014.  ISKA approved each, but only as an exhibition, not as a sanctioned fight.  Mr. Holeve participated in the first but declined to participate in the second because of restrictions that apply to an exhibition in contrast to a sanctioned fight.

Mr. Holeve also sought to participate in a fight in August 2013.  For this fight, Mr. Holeve used a different promoter and dealt with WFO, not ISKA.  The State issued a cease-and-desist order when the promoter sought to proceed without the sanction of any Amateur Sanctioning Organization.

There is evidence that ISKA opined that the State would never approve a fight for Mr. Holeve.  But there is no admissible evidence that the State was ever asked to opine, or did opine, on that issue.  That the State blocked an *unsanctioned* fight from going forward in violation of state law does not indicate the State would not allow a *sanctioned* fight to go forward.  Because the State Defendants had no role in blocking Mr. Holeve from participating in such a fight, the State Defendants are entitled to summary judgment.

The result is different for ISKA.  ISKA has submitted evidence that Mr. Holeve sought only exhibitions and that ISKA approved them.  If that evidence is

credited, ISKA will prevail. Mr. Holeve thus is not entitled to summary judgment. On the other side, Mr. Holeve has submitted evidence that he sought a sanctioned fight and that ISKA responded—in writing—that the State would never approve Mr. Holeve for such a fight. This would support a finding that ISKA blocked Mr. Holeve from a sanctioned fight. *See, e.g.*, *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 365 (1977) (recognizing the ability of a "discouraged applicant" to recover under the Civil Rights Act of 1964); *Claiborne v. Ill. Cent. R.R.*, 583 F.2d 143, 150 (5th Cir. 1978) (same). The record also would support a finding that ISKA "operated" a "place of public accommodation" within the meaning of the ADA. *See* 42 U.S.C. § 12182(a); *Rendon v. Valleycrest Prod., Ltd.*, 294 F.3d 1279, 1283 (11th Cir. 2002). ISKA thus is not entitled to summary judgment.

For these reasons,

IT IS ORDERED:

1. The State Defendants' summary-judgment motion, ECF No. 64, is GRANTED. The claims against the State Defendants are dismissed with prejudice. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

2. Mr. Holeve's summary-judgment motion, ECF No. 62, is DENIED.

3.     ISKA's summary-judgment motion, ECF No. 65, is DENIED.

SO ORDERED on December 29, 2014.

                                                  s/Robert L. Hinkle
                                                  United States District Judge