IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


GARRETT HOLEVE,

    Plaintiff,

v.                                                                          CASE NO. 4:14cv293-RH/CAS

STATE OF FLORIDA, DEPARTMENT
OF BUSINESS AND PROFESSIONAL
REGULATION et al.,

    Defendants.

_____/


## ORDER DENYING THE RULE 11 MOTIONS


    The defendants have filed two separate motions for sanctions under Federal Rule of Civil Procedure 11. The defendant International Sport Karate Association, Inc. ("ISKA") filed the first motion. The State Defendants filed the second motion.

    A party cannot properly file such a motion until 21 days after it is served. *See* Fed. R. Civ. P. 11(c)(2). The State Defendants apparently violated that requirement. This alone is a sufficient basis to deny their motion.

    More importantly, these are Rule 11 motions of the kind that led to the 1993 amendments to Rule 11 (including the 11(c)(2) safe harbor). Before the

amendments, Rule 11 motions had become commonplace. But motions of this kind waste resources, reduce civility, and erode rather than enhance professionalism. Here, the defendants understandably disagree with some of the plaintiff's allegations. But the defendants have shown no basis for Rule 11 sanctions. And in any event, I would not award sanctions in these circumstances, as a matter of discretion. This case presents serious substantive and procedural issues that warrant a court's careful consideration; this is anything but the kind of case that should lead to Rule 11 sanctions.

Accordingly,

IT IS ORDERED:

The defendants' motions, ECF Nos. 66 & 73, for Rule 11 sanctions are DENIED.

SO ORDERED on December 29, 2014.

> s/Robert L. Hinkle
> United States District Judge